IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No.   14-cv-0865 MCA/SMV
                                                              09-cr-2258 MCA

BILL MELOT,

    Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Defendant's Sealed Ex Parte Application for Appointment as Attorney Under Criminal Justice Act for 28 U.S.C. § 2255 Proceedings [CR Doc. 311] ("Motion"), filed May 8, 2014.  The Court, being fully advised in the premises, FINDS that the Motion is not well-taken and should be DENIED.

Defendant requests that the Court authorize the attorney who represented him in some of the underlying criminal proceedings, Mr. Gregory M. Acton, to continue to represent him in his habeas corpus proceeding under § 2255.  [CR Doc. 311].  Defendant argues that his trial counsel provided constitutionally ineffective representation, and therefore, Defendant is entitled to relief under § 2255.  [CR Doc. 311] at 2.  Defendant explains that he is indigent and cannot afford to hire an attorney to represent him.  *Id.* at 1.  He also argues that he is entitled to an evidentiary hearing, for which the Court "must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *Id.* at 4 (citing Rule 8(c), Rules Governing Section 2255 Proceedings).  Of course, as Defendant acknowledges, § 3006A, leaves

appointment of counsel in § 2255 proceedings to the discretion of the magistrate judge or court, based on "the interests of justice."

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint of counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is not convinced that appointment of counsel is warranted for these § 2255 proceedings. First, Defendant's claims rely on legal theories that have been roundly and uniformly rejected by courts. *Compare* § 2255 Petition [CV Doc. 2, CR Doc. 317] (asserting that Defendant's trial counsel was ineffective for failing to argue that Defendant sincerely believed that he was not required to pay income taxes because he did not live in Washington, D.C. or any territory of the United States), *with United States v. Collins*, 920 F.2d 619, 629 (characterizing such arguments as "patent absurdity" because since 1916 the Supreme Court has recognized the constitutionality of taxation upon citizens throughout the nation, not just Washington, D.C., or other federal enclaves). Second, the nature of the factual issues and the complexity of the legal issues raised the § 2255 Petition are not so novel or complex as to

warrant appointment of counsel.  Finally, Defendant does not argue—much less show—that he is not able to represent his claims himself.  Accordingly, the Court will deny Defendant's request for appointment of counsel.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Sealed Ex Parte Application for Appointment as Attorney Under Criminal Justice Act for 28 U.S.C. § 2255 Proceedings [CR Doc. 311] is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**