# FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 3 0 2016

MATTHEW J. DYKMAN
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BILL MELOT,

       Petitioner,

vs.

                            No. CV 16-00643 MCA/KBM
                            No. CR 09-02258 MCA

DIRECTOR OF FEDERAL BUREAU OF PRISONS,

       Respondent.

## <u>MEMORADUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings upon Petitioner Bill Melot's Petition for Successive 28 USC 2255 Motion to Correct or Vacate Judgment of Conviction/Sentence (CV Doc. 1; CR Doc. 364). The Court will dismiss the Petition for lack of jurisdiction because the Petition is a second or successive § 2255 motion filed without Tenth Circuit authorization. Also before the Court are Melot's Motion for Appointment of Counsel (CV Doc. 2, CR Doc. 365) and Motion for Recusal of District Judge (CV Doc. 3, CR Doc. 366). The Court will deny the Motions as moot based on the Court's dismissal for lack of jurisdiction.

On August 11, 2009, Melot was indicted on 15counts of attempted interference with administration of the tax laws, attempt to evade taxes, willful failure to file, and false statements to the Department of Agriculture. (CR Doc. 2). A jury convicted Melot on all counts. (CR Doc. 79). Melot was sentenced and final judgment was entered by the Court on September 6, 2011 (CR Doc. 208). Following a direct appeal, Melot was resentenced and an amended judgment was entered on February 21, 2014 (CR Doc. 310).

1

Melot filed his first § 2255 motion to vacate his sentence on September 23, 2014. (CR Doc. 316). In his motion, he raised issues of ineffective assistance of counsel. (CR Doc. 316). The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion. (CR Doc. 341, 351). Final judgment was entered on the § 2255 motion on June 30, 2015. (CR Doc. 352). Melot's present, second § 2255 motion was filed on June 22, 2016. (CV Doc. 1, CR Doc. 364).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Melot has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). One of the factors the Court may consider in determining whether to transfer is whether the claims alleged are likely to have merit. *Cline,* 531 F.3d at 1251.

In his second motion, Melot seeks to be relieved of his sentence based on the Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). His motion, then, appears to proceed on an argument that there is a new rule of constitutional law permitting collateral review, and he makes no contention challenging his sentence based on newly discovered evidence. The Supreme Court's ruling in *Johnson,* however, does not apply to Melot's sentence. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is impermissibly vague and imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Melot did not receive an enhanced sentence as an armed career criminal under the residual clause of the ACCA. Instead, his sentence was imposed based on his multiple violations of 26 U.S.C. §§ 7201, 7203, and 7212(a) and 15 U.S.C. § 714m(a). Applying *Cline,* the Court determines Melot is clearly ineligible and would never prevail on the merits of a *Johnson* 2255 motion. It is not in the interests of justice and the Court declines to transfer.

Melot does not meet the requirements of § 2255(h) for a second or successive motion challenging his sentence. The Court lacks jurisdiction to consider the motion and it is not in the interests of justice to transfer this matter to the Tenth Circuit. The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Melot has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that Petitioner Bill Melot's Petition for Successive 28 USC 2255 Motion to Correct or Vacate Judgment of Conviction/Sentence (CV Doc. 1; CR Doc. 364) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered. **IT IS FURTHER ORDERED** that Melot's Motion for Appointment of

Counsel (CV Doc. 2, CR Doc. 365) and Motion for Recusal of District Judge (CV Doc. 3, CR

Doc. 366) are **DENIED** as moot in light of the Court's dismissal for lack of jurisdiction.

UNITED STATES DISTRICT JUDGE